UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) GREGORY J. LYNN,<br>   an individual<br><br>                        Plaintiff,<br><br>v.<br><br>2) AUDIO SOUND SYSTEMS, INC.<br>   A.K.A. AUDIO TECH, INC., a<br>   Domestic for-profit business<br>   corporation<br><br>                  &<br><br>3) STEVE POWELL<br>   in his individual and/or<br>   official capacity<br><br>                        Defendants; | Case No.<br><br><br><br><br><br><br><br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff, Gregory Lynn, and for his cause of action against the Defendants, Audio Sound Systems, Inc. (hereafter Audio Tech), and Steve Powell, the owner and manager of Audio Tech, does hereby allege and state:

1) Plaintiff, Gregory Lynn, brings this action to recover from Defendants unpaid overtime compensation and all remedies available, pursuant to 29 U.S.C.A. § 216(b) and other provisions of the Fair Labor Standards Act of 1938 (FLSA).

## JURISDICTION

2) Jurisdiction is conferred on this Court by 29 U.S.C.A. § 216, 28 U.S.C.A. § 1331, and 28 U.S.C.A. § 1337, in that this matter presents a question of federal law and in that this matter involves a statute addressing interstate commerce.

3) At all times herein set forth, Defendant, Audio Tech, was an employer within the definition of the FLSA, 29 U.S.C.A. § 203, and Plaintiff was at all times herein set forth an employee within the definitions of that section.  At all times herein set forth, Defendant, Steve Powell, was Plaintiff's supervisor and the manager and owner of Defendant Audio Tech.

4) At all times herein set forth, Defendants were engaged in commerce within the meaning of the FLSA.

5) At all times herein set forth, Defendant, Audio Tech was a seller and installer of electronic products, supplies, and accessories, which it ordered and received from various states throughout the United States of America for sale and installation.

6) At all times herein set forth, Defendants employed Plaintiff in the capacity of a car audio installer, where Plaintiff installed electronic equipment in vehicles using products which had been purchased and received by Defendants from various states throughout the United States.

7) Plaintiff was employed by Defendants in the capacity of car audio installer from July 19, 2005 to November 9, 2007.

8) Defendants employed Plaintiff on a 40-hour weekly basis at a gross monthly salary of $2,000 a month, which monthly wage was paid until November 9, 2007, when Plaintiff's employment was constructively terminated.

9) During the period covered by his employment, Plaintiff performed overtime work for which no additional compensation was paid to him by Defendants in violation of the provisions of the FLSA, despite the fact that Defendants were aware that Plaintiff should have been considered an hourly employee subject to the regulations imposed by the FLSA and not exempt from its protections.

10) Pursuant to 29 U.S.C. §§ 207, 216, there is due and owing from Defendants to the plaintiff compensation for overtime work plus additional liquidated damages together with an additional sum due for reasonable attorney fees, and all other relief afforded under the act.

## SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF FLSA § 215(a)(3)

11) Paragraphs 1-10 of this complaint are incorporated herein by reference.

12) Plaintiff, consistent with his statutorily protected right to make a complaint for violations of the FLSA, did make such a complaint in good faith to the U.S. Department of Labor on or about August 21, 2007.

13) Plaintiff, at all times, had been performing his job duties satisfactorily, with no indication that Plaintiff would be terminated from his position or that there were problems with Plaintiff's work performance.

14) Subsequent to Defendants' notification of the FLSA complaint and pending investigation, Plaintiff was harassed, taunted and, in November of 2007, was threatened with violence by the owner of Audio Tech, Steve Powell.

15) On or about November 7, 2007, during a meeting at which Plaintiff and other employees of Defendant Audio Tech were present, Plaintiff's supervisor, Defendant Powell, told employees of Audio Tech that he believed the person who filed the FLSA complaint was "somebody on drugs or whose wife was doing drugs," and Defendant Powell further stated that "nobody in their right mind except a real low life would file a complaint and continue to work here." Defendant Powell also told his employees more than once that, if they found out who filed the FLSA complaint, they should "take 'em out behind the store and beat the shit out of him and lock him in the dumpster."

16) Plaintiff's supervisor, Defendant Powell, told employees that, if they find out who filed the FLSA complaint, they should harm him with physical violence, despite the fact that filing a complaint with the U.S. Department of Labor is a statutorily-protected right.

17) That due to constant harassment, numerous threats of physical violence by his supervisor, and the supervisor's verbal encouragement to all other employees to physically

harm Plaintiff, the work environment became so intolerable that Plaintiff felt he had no other choice but to terminate his employment with Defendants and move to another town. Plaintiff's filing of an FLSA complaint was a motivating factor for Defendants' retaliatory acts. As a result of Defendants' retaliation, Plaintiff was constructively discharged by Defendants for acts which are protected by Federal law, to wit, 29 U.S.C.A. § 216, FLSA.

### THIRD CAUSE OF ACTION: WORKERS' COMPENSATION RETALIATION

19) Paragraphs 1-18 of this complaint are incorporated herein by reference.

20) While Plaintiff was employed by Defendants, Plaintiff was injured on the job and was forced to miss work. Plaintiff, in good faith, instituted or caused to be instituted a proceeding under Title 85 of the Oklahoma Statutes to receive Worker's Compensation.

21) Defendants were aware that Plaintiff had filed a Title 85 claim.

22) Upon returning to work, although he was still able to perform his job duties, Plaintiff was forced to work only where he was out of sight of customers, Defendant Powell told Plaintiff that he was "bad for business" because he was a "cripple" and a "gimp," and Defendant Powell harassed, taunted, humiliated, and threatened Plaintiff with physical violence until Plaintiff felt he had no other choice but to terminate his employment with Defendants and move to another town. Thus, Plaintiff was constructively discharged from his employment, in part, in violation of 85 O.S. 5, 6 and 7.

23) Plaintiff's discharge was, in part, a result of Plaintiff initiating his statutory right to commence a workers' compensation claim.

24) Plaintiff is entitled to any and all relief as outlined by Title 85 § 5, 6, and 7.

25) Plaintiff is entitled to the same employment as prior to the injury.

### FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29) Paragraphs 1 through 28 are incorporated herein by reference.

30) While Plaintiff worked for Defendants and during working hours, Plaintiff's supervisor called Plaintiff a "cripple," a "gimp," decided that Plaintiff could only work downstairs out of sight so customers could not see that a "cripple" worked for Defendants, told Plaintiff that Plaintiff deserved the pain and suffering he experienced after his surgery, threatened Plaintiff with physical violence, and encouraged other employees of Defendants' corporation to physically harm the Plaintiff.

31) Plaintiff's supervisor, the defendant, Steve Powell, made these statements intentionally to Plaintiff and others with the intent to cause emotional distress to Plaintiff.

32) Defendant Powell's acts of intentionally threatening, taunting, humiliating, and retaliating against Plaintiff were extreme and outrageous and, as a result, caused Plaintiff to suffer great emotional distress and economic loss.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants for lost income, lost employment, mental distress, attorney fees and punitive damages for such other and further relief as the Court deems just, proper and equitable.

                                              s/D. Eliot Yaffe                                       .
                                              D. ELIOT YAFFE, OBA#19723
                                              S. ALEX YAFFE, OBA#21063
                                              ELLIOT T. EVERETT, OBA#20978
                                              FOSHEE & YAFFE
                                              P.O. Box 890420
                                              Oklahoma City, OK  73189
                                              Telephone: (405) 632-6668
                                              Facsimile: (405) 632-3036